# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 28, 2025

Lyle W. Cayce
Clerk

No. 24-50798
Summary Calendar

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Santiago Ernesto Pinedo-Nerio,

*Defendant—Appellant*.

———————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:23-CR-1169-1

———————

Before Dennis, Ho, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Defendant-Appellant Santiago Ernesto Pinedo-Nerio appeals the term of imprisonment following his conviction for illegal reentry after removal in violation of 8 U.S.C. § 1326(a). He argues that the application of a statutory sentencing enhancement under § 1326(b) for a prior conviction,

———————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-50798

without submission of the fact of the conviction to a jury, is unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

Pinedo-Nerio concedes that the Supreme Court's decision in *Almendarez-Torres v. United States*, 523 U.S. 224, 247 (1998) forecloses his argument, and seeks to preserve this issue for further review. *See Erlinger v. United States*, 602 U.S. 821, 838 (2024) (explaining that *Almendarez-Torres* "persists as a narrow exception permitting judges to find only the fact of a prior conviction" (internal quotation marks and citation omitted)). The Government has filed a motion for summary affirmance or, alternatively, for an extension of time in which to file a brief. Pinedo-Nerio takes no position on the Government's motion. Because Pinedo-Nerio's argument is foreclosed, summary affirmance is appropriate. *See Groendyke Transp.*, *Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

For the foregoing reasons, the Government's motion for summary affirmance is GRANTED, the alternative motion for an extension of time is DENIED, and the judgment of the district court is AFFIRMED.